WOODWARD v. SO. CA. & GA. R. R.

RAILROADS—HIGHWAY—DAMAGES—21 ST., 495—BARNWELL COUNTY—
TRIAL JUSTICE COURT.—The act relating to the roads and highways
of Barnwell County, 21 Stat., 954, does not provide for a suit in the
common pleas court, for damages, to a person, arising from the ob-
struction of a highway or street by the cars of a railroad, but the only
remedy given thereby for obstructing a highway, &c., is by indict-
ment in the Court of General Sessions, or by civil suit in the trial
justice court.

Before BUCHANAN, J., Barnwell, November, 1895.    Re-
versed.

Action by J. Whilden Woodward against the South Caro-
lina and Georgia Railroad Company by the following com-
plaint:

The plaintiff, complaining of the defendants above named,
alleges, first, for a first cause of action:

1. That at the times hereinafter mentioned the defend-
ants above named were, and still are, a corporation duly
organized and existing under the laws of this State, and
were the owners of and operating a certain railroad, known
as the South Carolina and Georgia Railroad, running from
the city of Augusta, in the State of Georgia, through the
town of Blackville, in the county of Barnwell, to the city
of Charleston, in said State of South Carolina, together
with the track, cars, locomotives, and other appurtenances
thereto belonging.

2. That on the 18th day of April, A. D. 1895, the de-
fendants above named, the South Carolina and Georgia
Railroad Company, by their servants, agents and employees,
had under their care, control, and management, a certain
locomotive engine and train of freight cars, the property of
said defendants, which said agents and employees were then
and there running and managing upon the defendants' rail-
road track in said town of Blackville; that the defendants,
by their servants, agents and employees, carelessly and

negligently stopped and left said train of freight cars coupled together and standing upon and extending across the entire width of Lartigue street, one of the regular laid out and public streets of said town, and along Railroad avenue, another regularly laid out and public street of said town, on both sides of said Lartigue street, at the intersection of said Lartigue street with said Railroad avenue, which said Lartigue street and Railroad avenue are public streets of said town, and highways of said county, much used by the public generally, and unnecessarily left said train of cars standing across said Lartigue street and along Railroad avenue on both sides of said street, for a longer period than five minutes, to wit: fifteen minutes, in such manner as to unnecessarily stop and deprive the public from the use of said street and avenue, and to unnecessarily obstruct said streets and highways to the hindrance and inconvenience of travelers and any person or persons passing along or upon said streets and highways, in violation of section 23 of an act of the General Assembly of the State of South Carolina, entitled "An act relating to roads and highways in Barnwell County," approved January 5th, 1895.

3. That at the time mentioned in the last paragraph of this complaint, the plaintiff was walking along said streets to said intersection of Lartigue street with Railroad avenue for the purpose of passing from the north side of Railroad avenue to the south side of said Railroad avenue, in order to attend to his business, and finding said street and avenue obstructed by the defendants, their servants, agents and employees, as stated in the last paragraph of this complaint, attempted to cross said street and avenue by passing between said freight cars, which had been placed across said street and along said avenue by the defendants as aforesaid, and left by said defendants in such position for fifteen minutes, and while the plaintiff was passing between said cars the defendants, their agents, servants and employees, caused said cars to be moved and pushed together in such manner that the plaintiff was caught between said cars, his knee

and leg crushed and mashed, his nervous system greatly shocked, and was otherwise greatly damaged.

4. That by reason of the aforesaid injuries, caused by the unlawful act of the defendants in obstructing said streets and highways, the plaintiff became ill for a long time, was obliged to, and actually did, expend large sums of money for surgical and other treatment and attendance in attempting to cure himself, but his injuries were and are of a permanent nature, and the plaintiff is thereby prevented from actively engaging in business, and was otherwise greatly injured to his damage in the sum of $10,000.

Second, for a second cause of action:

1. That at the times hereinafter mentioned, the defendants above named were, and still are, a corporation duly organized and existing under the laws of this State, and were the owners of and operating a certain railroad, known as the South Carolina and Georgia Railroad, running from the city of Augusta, in the State of Georgia, through the town of Blackville, in the county of Barnwell, to the city of Charleston, in the State of South Carolina, together with the track, cars, locomotives and other appurtenances thereto belonging.

2. That on the 18th day of April, A. D. 1895, the defendants above named, the South Carolina and Georgia Railroad Company, by their agents, servants and employees, had under their care, control, and management, a certain locomotive engine and train of freight cars, the property of said defendants, which said agents and employees were then and there running and managing upon the defendants' railroad track in the town of Blackville, and that the defendants, by their servants, agents and employees, carelessly and negligently stopped and left said train of cars coupled together and standing upon and extending across the entire width of Lartigue street, one of the regularly laid out and public streets of said town, and along Railroad avenue, another regularly laid out and public street of said town, on both sides of said Lartigue street, at the intersec-

tion of said Railroad avenue with said Lartigue street; the said Lartigue street and Railroad avenue then and there being public streets of said town, and highways of said county, much used by the public generally, and unnecessarily, carelessly and negligently left said train of cars standing upon and extending across said Lartigue street and along said Railroad avenue, an unreasonable length of time, to wit: fifteen minutes, in such manner as to unnecessarily, carelessly and negligently obstruct said Lartigue street and Railroad avenue, to the hindrance and inconvenience of travelers and persons passing along and upon said street and avenue.

3. That at the time and place mentioned in the last paragraph, the plaintiff was walking along said streets to said intersection of Lartigue street with Railroad avenue for the purpose of passing from the north side of Railroad avenue to the south side of said avenue in order to attend to his business, and finding said street and avenue obstructed by the defendants, their servants, agents and employees, as stated in the last paragraph of this complaint, carefully and without any negligence or fault on his part attempted to cross said avenue and street at the intersection of said street and avenue, by passing between said cars, which had been placed across said street and along said avenue, and carelessly, negligently, and unnecessarily left in such position for fifteen minutes by said defendants, their servants, agents and employees, and while the plaintiff was passing between said cars, the defendants, their servants, agents and employees, negligently and carelessly caused said cars to be moved and pushed together in such manner that the plaintiff was caught between said cars, his knee and leg crushed and mashed, his nervous system greatly shocked, and was otherwise greatly damaged.

4. That by reason of the aforesaid injuries the plaintiff became ill for a long time, was obliged to and actually did expend large sums of money for surgical and other treatment in attempting to cure himself, but his injuries are and were

of a permanent nature, and the plaintiff is thereby prevented from actively engaging in business, and was otherwise greatly injured to his damage in the sum of $10,000.

Wherefore the plaintiff demands judgment against the defendants for the sum of $10,000.

To this complaint the defendant demurs as follows:

1st. The defendant above named demurs to the first cause of action stated in the complaint herein, upon the ground that it appears upon the face of the complaint that the complaint does not state facts sufficient to constitute a cause of action.

2d. The defendant further demurs to the second cause of action stated in the complaint, upon the grounds that the complaint does not state facts sufficient to constitute a cause of action.

The demurrer was heard in due course, and his Honor, Judge O. W. Buchanan, the presiding Judge, filed the following opinion and order:

The above entitled cause came on to be heard before me on a demurrer to the first and second causes of action stated in the complaint, upon the ground that neither of them stated facts sufficient to constitute a cause of action. At the close of the argument, counsel for the defendant stated that he does not insist upon the demurrer to the second cause of action, and asked that if it should be overruled, leave should be given him to serve an answer thereto. As to the first cause of action stated in the complaint, the defendant contends that the statute entitled "An act relating to roads and highways in Barnwell County," approved January 5, 1895, upon the 23d section of which the plaintiff contends this cause of action is founded, gives no remedy whatever to any private individual on his own behalf, but that the only remedy given thereby is to the public, and is a penalty for the unnecessary obstruction of a street by a railroad company for a longer period than five minutes, to wit: A fine not exceeding $20 nor less than $5, to be reco-

vered by an action at the suit of the township board of commissioners, or any person suing for the same, before any trial justice within the county, or by indictment in the Court of General Sessions for said county. Defendant further contends, that it appearing from the complaint that the plaintiff's injury was caused by his being caught and mashed between the cars, which had been, as alleged, unnecessarily left across the street for a longer period than five minutes, by reason of said cars being moved or pushed together by defendant, the Court should conclude that the moving of the cars rather than the obstruction of the street was the cause of the injury; and as the complaint alleges no negligence whatever (in this cause of action) in the railroad company in moving the cars, no cause of action is stated.˙ These were the only objections as to the sufficiency of the first cause of action.

In reply, the plaintiff contends that the clause, "and shall be liable for all damages arising to any person from such obstruction, in the 23d section of the act, should be construed as remedial, and as giving an action to the person injured; while other clauses in said section are penal in prescribing a penalty, giving the public, to be recovered by an action at the suit of the township board of commissioners or any person suing therefor, or indictment in the Court of General Sessions for the violation of the public law. "There is no impropriety in putting a strict construction on a penal clause and a liberal construction on a remedial clause in the same act of Parliament. This has been done in the Statutes, which make it a felony to burn houses and other property, and give to those who suffer from the felony a remedy against the hundred." Best, C. J. 2 Bing., 394, 9 E. C. L., cited in 23 Am. & Eng. Enc. of Law, 380, note. That the object of this statute was to stop the unnecessary obstruction of the highways in Barnwell County by railroad companies, by fixing on the railroad company a liability for "all damages arising to any person from such obstruction," irrespective of all other questions of negligence than the "unnecessary

obstruction" of the highways, as well as to give a remedy for the obstruction to the public.

As to the defendants' other objection to the statement of the first cause of action, that, under the facts stated in the complaint, the plaintiff's injury arose from the obstruction, citing *Murray* v. *R. R. Co.*, 10 Rich. L., 252, where a horse being prevented from passing, by an obstruction placed across a highway by a railroad company, and was, while on the track at the crossing, run over and killed by a passing train, and our Court said, "the obstruction of the road was a wrong done by the company which, under the circumstances, would have justly entitled the plaintiff to a recovery, even if the killing had been shown to be, so far as that train was concerned, wholly accidental and blameless." See, also, *Lake Shore & M. S. Ry. Co.* v. *McIntosh* (Ind.), 38 N. E., 476; Elliott on Roads and Streets, 603; *C. & N. W. Ry.* v. *Prescott*, 59 Fed. Rep., 237, 9 C. C. A., 109; and the recent case of *Littlejohn* v. *R. & D. R. R. Co.*, 22 S. E., 789, recently decided by our Court.

It is ordered, that the demurrer interposed by the defendant to the first and second causes of action set out in the complaint be, and the same is hereby, overruled, and defendant have leave to serve an answer to both or either of said causes of action, as he may be advised, within twenty days from the filing of this order.

The defendant excepts to this order on the following grounds:

I. That his Honor erred in deciding that there was no impropriety in putting a strict construction on the penal clause of the statute referred to in said order and a liberal construction upon the clause denominated by him as "a remedial clause," to wit: the clause, "and shall be liable for all damages arising to any person from such obstruction or injury to such road or highway;" whereas it is submitted that said clause should have been read and construed together with the clause immediately following the same, to

wit: "to be recovered by an action at the suit of the township board of commissioners in which such offense shall have been committed, or any person suing for the same before any trial justice within the county where such offense shall have been committed," as giving a remedy only in a court of trial justice and not in the Court of Common Pleas.

II. That his Honor erred in deciding that the object of the statute was to stop the unnecessary obstruction of the highways in Barnwell County by fixing on the railroad companies a liability for all damages arising to any person from such obstruction, irrespective of all other questions of negligence than the unnecessary obstruction of the highways; whereas it is submitted that he should have decided that the object of the statute was to give a remedy before a court of trial justice or by indictment, and not to give a general remedy for an unlimited amount before the Court of Common Pleas.

*Mr. Jos. W. Barnwell*, for appellant, cites: 21 Stat., 954; 2 Bing. Rep., 354; Heydon's Case, 3 Rep., 76; Endlich on Int. of Stat., 127, 128; South. on Stat. Con., 228, 316; Potter's Dwarris on Stat. and Con., 233; 41 S. C., 86; 1 Bay, 73; 28 S. C., 238; 1 Hill, 365; 5 Rich., 583; 30 S. C., 539; 24 S. E. R., 337; 24 S. C., 366.

*Messrs. Bellinger, Townsend & O'Bannon* and *Robert Aldrich*, contra, cite: 21 Stat., 961; 3 Metc., 523; Potter's Dwarris Stat., 74; 23 A. & E. Ency., 144; 102 U. S., 611; 2 Bl. Comm., 427; L. R. 1 Exch., 152; 1 Bl. Comm., 88; Wilb. St., 233; 3 How., 197; 13 Pick., 101; 13 Law Times, 753; Black. Int. Laws, 293, 298, 309; 21 Ohio St., 586; 23 A. & E. Ency., 379; 74 N. Y., 526; 17 N. E., 600; 2 N. E., 221; 23 A. & E. Ency., 144; 59 Ind., 130; 56 Ind., 263; 82 Ind., 426; 75 Ill., 93; 20 N. E., 132; 22 N. E., 304; 21 S. C., 495; 30 S. C., 539; 9 S. E., 650; 24 S. E., 319; 23 A. & E. Ency., 394; Black. Int. Laws, 84; 2 Edw. Ch., 304; 1 Mason, 243, 290; Ted. Cas., No. 2121; 11 Bush., 527; 31 S. C., 378; 24 S. C., 370; 25 S. C., 485; 22 S. E., 505; 22 S.

E., 789; 7 S. E., 516; 16 A. & E. Ency., 452; 61 Fed. Rep., 592, 605; 9 C. C. A., 656, 666; 10 Rich. L., 252; 38 N. E., 476–482; 59 Fed. Rep., 237; 21 S. C., 495; 112 Mo., 238; 41 N. E., 981; 28 N. E., 317; 77 Iowa, 672; 32 Minn., 457.

July 20, 1896.   The opinion of the Court was delivered by

MR. JUSTICE POPE.   This action was commenced in the Court of Common Pleas for Barnwell County, in this State, on the 5th day of October, 1895.   The complaint set up two causes of action, to both of which the defendant demurred.   The issue thus presented came on for trial before his Honor, Judge Buchanan.   At such trial, the defendant consented that his demurrer to the second cause of action should be dismissed.   By the judgment of Judge Buchanan the demurrer as to both causes of action was overruled. The defendant now appeals from so much of said judgment as dismisses the demurrer to the first cause of action set out in the complaint.   In the report of the case must be included the complaint, the demurrer, the order, and the grounds of appeal.

Confessedly, the plaintiff bases his first cause of action on the provisions of the 23d section of "An act relating to roads and highways in Barnwell County," approved 5th January, 1895, 21 Stat. at Large, 954.   This section is as follows: "That if any person or persons, corporations or any conductor of any train of railroad cars, or any other agent or servant of any railroad company, shall obstruct, unnecessarily, any public road or highway of this county by permitting any railroad car or cars or locomotives to remain upon or across any street, public road or highway for a longer period than five minutes, or shall permit any timber, wood or other obstructions to remain upon or across any such street, road or highway, to the hindrance or inconvenience of travelers or any person or persons passing along or upon such street, road or highway, every person or corporation so offending shall forfeit and pay for every such offense any sum not exceeding twenty nor less than

16—47

five dollars, and shall be liable for all damages arising to
any person from such obstruction or injury to such road or
highway, to be recovered by an action at the suit of the
township board of commissioners in which such offense
shall have been committed, or any person suing for the
same before any trial justice within the county where such
offense shall have been committed, or by indictment in the
Court of General Sessions of this county.   And all fines so
accruing under the provisions of this section, when col-
lected, shall be paid over to the overseer of the district in
which such offense was committed, and by the overseer ap-
plied to the improvement of the roads and highways herein.  ·
And every twenty-four hours such corporation, person or
persons as aforesaid, after being notified, shall suffer such
obstruction to the hindrance or inconvenience of travelers
or any other person or persons going along or upon such
road or highway, shall be deemed an additional offense
against the provisions of this act: *Provided*, That any indi-
vidual or person reporting or prosecuting the action shall
be entitled to one-half of the fine or penalty received; and
the chairman of the board of township commissioners is
hereby authorized to pay the same to the said person or in-
dividual or persons, when collected, and take a receipt
therefor." The plaintiff, in endeavoring to cross over the
train of the defendant (which train had been allowed
by the agents of the defendant to. remain stationary
across a street in the town of Blackville, S. C., more than
five minutes, unnecessarily), was seriously injured by rea-
son of the sudden movement of said train, and claims that
he is entitled to bring suit for his said injuries in the Court
of Common Pleas, under said section 23.   This position is
denied by the defendant.   The Circuit Judge agreed with
the plaintiff.   Hence this appeal.

We cannot agree with the Circuit Judge in the views he
entertains on this point.   To our minds the intention of
the legislature, *as gathered from the language used by it in
this section*, is plain—so plain, in fact, that in its construc-

tion this intention is manifest and palpable. It is to provide a remedy to the public and private persons from any "*hindrance or inconvenience*" to any individual or the public from the agents or servants of railroad companies allowing a train to remain across or upon a street or highway beyond a period of five minutes. This remedy is to be punished by a suit in a trial justice court. Every person who has written a work on the interpretation or construction of statutes admits that if the language used therein is plain and unmistakable, there is no need to use any of the canons of construction, for when anything is *understood*, that ends the whole matter. We have studied the statutory provision in question to see if the Circuit Judge and appellee could throw such light upon it as would convince us of error, but all in vain. We see the purpose, the intention, of the General Assembly, as expressed in the language embodied in this section of this act, so clearly, it is useless to discuss the rules of construction merely to display a familiarity with text books and decisions of courts.

It is the judgment of this Court, that so much of the judgment of the Circuit Court as is appealed from be reversed, and that the action be remitted to the Circuit Court for such further proceedings as may be necessary.